IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN L. FEINGOLD | : | CIVIL ACTION |
| v. | : | |
| BARBARA QUINN, Executrix of the Estate of Theresa Thompson, Deceased | : | |
| v. | : | |
| LIBERTY MUTUAL AUTOMOBILE INSURANCE COMPANY | : | NO. 12-3503 |

MEMORANDUM

Bartle, J.                                                                  December 6, 2012

        Plaintiff Allen Feingold has sued defendant Barbara Quinn, Executrix of the Estate of Theresa Thompson, Deceased, in this diversity action, for breach of contract for failing to pay him certain fees allegedly owed for legal work he had undertaken for Thompson.[1] Quinn subsequently filed a third-party complaint against Liberty Mutual Automobile Insurance Company ("Liberty Mutual") under Rule 14 of the Federal Rules of Civil Procedure. Before the court is the motion of Liberty Mutual to dismiss the third-party complaint on the ground that Quinn has not fully complied with Rule 14 and to the extent that she has complied, she has failed to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

1. Plaintiff Feingold is currently disbarred from practicing law in Pennsylvania.

Feingold alleges he had represented Thompson as her personal attorney for many years in a wide variety of matters including representation of her in automobile collision claims and consumer disputes. He had also prepared for her various legal documents. According to the complaint, Thompson acknowledged her liability for his fees and agreed to pay him in full. The amount owed purportedly exceeds $75,000. While Quinn attempted to retire the debt by assigning certain tort claims to Feingold, this court invalidated the assignment. See Feingold v. Liberty Mutual Group, et al., 847 F. Supp. 2d 772 (E.D. Pa. 2012).

After Feingold sued Quinn, she filed the third-party complaint at issue. While denying liability to Feingold, Quinn

> avers that if it should be determined that she has liability to Feingold, then third-party defendant Liberty Mutual is liable to Quinn by way of indemnity and/or contribution or otherwise, or is alone liable to Feingold, because most of the debts alleged by Feingold were generated as a result of the conduct and actions of Liberty Mutual, as more particularly described in the complaint filed in the civil action, Quinn v. Liberty Mutual Insurance Company, et al., No. 11-5364, E.D. Pa. ....

In Quinn v. Liberty Mutual, No. 11-5364, E.D. Pa., Quinn has pending a bad faith action, under 42 Pa. Cons. Stat. Ann. § 8371, against Liberty Mutual, her automobile insurer, for delay in paying her benefits allegedly due for damages suffered when she was injured in an automobile accident by a tortfeasor who was uninsured.

Rule 14(a)(1) provides in relevant part: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Rule 14 limits the claims a third-party plaintiff may make against a third-party defendant. The claims are restricted to those for which the third-party defendant may be responsible to the third-party plaintiff by way of indemnity or contribution when the third-party plaintiff, that is, the defendant, is held liable in whole or in part to the plaintiff. The third-party plaintiff may not assert that the third-party defendant is solely liable to plaintiff. Bike v. American Motors Corp., 101 F.R.D. 77, 78-82 (E.D. Pa. 1984); Moore's Federal Practice ¶ 14.04 (3d ed. 2012). Thus, to the extent that Quinn alleges that Liberty Mutual is alone liable to Feingold, the third-party complaint is improper under Rule 14 and must be dismissed.

Quinn, as noted above, also alleges that Liberty Mutual is liable to her "by way of indemnity and/or contribution." Feingold's claim against Quinn is for breach of contract. Under applicable Pennsylvania law, there is no right of contribution in a contract action. Such a right arises only between and among current or joint tortfeasors. Eagle-Picher Indus., Inc. v. United States, 846 F.2d 888, 892 n.4 (3d Cir.) cert. denied 488 U.S. 965 (1988); Richardson v. John F. Kennedy Mem'l Hosp., 838 F. Supp. 979, 989 (E.D. Pa. 1993).

Indemnity arises only as a result of an indemnity agreement between the parties or where the law otherwise provides

-3-

for primary and secondary liability.  Jacobs Constructors, Inc. v. NPS Energy Servs., 264 F.3d 365, 371 (3d Cir. 2001); Kirschbaum v. WRGSB Assocs., 243 F.3d 145, 156 (3d Cir. 2001) (quoting Builders Supply Co. v. McCabe, 77 A.2d 368, 370 (Pa. 1951)); J.S. v. Wal-Mart Stores, Inc., 2012 U.S. Dist. LEXIS 29603 at *25-27 (M.D. Pa. 2012).  Here, no contract of indemnity for payment by Liberty Mutual of counsel fees owed by Thompson to Feingold has been alleged.  In Pennsylvania, any bad faith claim against Liberty Mutual is an action in tort and not in contract. Ash v. Continental Ins. Co., 932 A.2d 877 (Pa. 2007).

Nor does Quinn reference any Pennsylvania legal authority to support a claim that she, as Thompson's Executrix, is only secondarily or vicariously liable for legal fees for which Thompson may be obligated to Feingold and that Thompson's insurer under the circumstances is primarily liable.  As explained by the Pennsylvania Supreme Court in Sirianni v. Nugent Bros., Inc., 506 A.2d 868, 871 (Pa. 1986):

> [the common law right of indemnity] is a fault shifting mechanism, operable only when a defendant who has been held liable to a plaintiff solely by operation of law, seeks to recover his loss from a defendant who was actually responsible for the accident which occasioned the loss.

This common law right of indemnity is simply not applicable here. Any liability of Quinn to Feingold would not be secondary or vicarious, that is, solely by operation of law such as in a respondeat superior situation.  Builders Supply Co., 77 A.2d at 370-71.  Any liability of Quinn would result from Thompson's

-4-

obligation arising out of a contract in which she agreed to pay Feingold his legal fees.

Accordingly, since Quinn may not properly allege sole liability of Liberty Mutual to Feingold under Rule 14 and has not asserted under Rule 12(b)(6) any valid claims whereby Liberty Mutual may be liable to her by way of contribution or indemnity for all or part of any liability she may incur to Feingold, the motion of Liberty Mutual to dismiss Quinn's third-party complaint against it will be granted.